IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-660-O |
| | § | |
| BILL WAYBOURN, Sheriff, | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court are Tarrant County Jail inmate Ross Thomas Brantley, III's ("Brantley") petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1), Tarrant County Sheriff Bill Waybourn's response (labeled "Reply") with exhibits (ECF No. 10), and Brantley's reply brief, supplemental reply brief, and second supplemental reply brief (ECF Nos. 15, 17, and 18).[1] After considering the relief sought by Brantley, the record, related briefing, and applicable law, the Court concludes that Brantley's § 2241 petition should be construed as a petition under 28 U.S.C. § 2254, and the petition under § 2254 must be **DISMISSED**.

### I. BACKGROUND/CLAIMS FOR RELIEF

Brantley challenges his custody pursuant to the judgment of conviction and sentence of the 372nd District Court, Tarrant County, Texas, in cause number 1091400D. Pet. 2–3, ECF No. 1. Brantley was charged by indictment with the offense of assault causing bodily injury to a family or

---

[1] A document entitled "Response/Objection/Rebuttal" (ECF No. 15) filed by Brantley on April 15, 2019 , and a document entitled "Motion for Leave to File Motion for Summary Judgment Sui Juris" (ECF No. 17) filed by Brantley on May 20, 2019 were construed as a reply and supplemental reply by order entered July 9, 2019. ECF No. 17. Brantley also recently filed another document entitled "Motion to Compel." ECF No. 18. Upon review and consideration, as it raises additional grounds for relief, that document should be construed as a second supplemental reply. The Clerk of Court should note this on docket entry 18.

household member with a prior family violence conviction. Resp. 2, ECF No. 10. In April 2008, Brantley entered a plea of guilty in exchange for five (5) years' deferred adjudication community supervision. *Id.*; Resp. Exhibit A, ECF No. 10. In 2011, the state filed a petition to proceed to adjudication, and the Court, finding that Brantley violated certain conditions of his community supervision, adjudicated his guilt and sentenced him to ten years' confinement on December 2, 2011. Pet. 3, ECF No.1; Resp. 2; Exhibit B, ECF No. 10. In the petition filed in this case, Brantley challenges that conviction, asserting that (1) the state court abused its discretion in revoking his community supervision and adjudicating his guilt because he complied with his reporting requirements, and because the complainant was not a family member; (2) the state court improperly considered a then-pending new charge at his adjudication hearing; (3) his rights under the Equal Protection clause of the Fourteenth Amendment were violated; and (4) he was denied effective assistance of counsel. Pet. 5–6, ECF No. 1.

## II. LEGAL STANDARDS and ANALYSIS

### A. § 2241 Petition Construed as a § 2254 Petition

After review and consideration of the petition as filed, this Court finds that it should be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody. Irrespective of the label a petitioner uses, the Court must consider a filed habeas petition under the proper statutory framework. *See Felker v. Turpin,* 518 U.S. 651, 662-65 (1996); *Solsona v. Warden, F.C.I.,* 821 F.2d 1129, 1132 n.1 (5th Cir. 1987). Section 2254 is reserved for habeas petitions on "behalf of a person in custody pursuant to a judgment of a State court." 28 U.S.C. 2254(a). A petition filed under § 2241 which attacks the validity of a state prisoner's underlying state conviction or the sentence imposed by the trial court is properly construed as a § 2254 petition. *See Branch v. Dretke,*

No.3:03-cv-2607-H, 2004 WL 1877798, at *1 (N.D. Tex. Aug. 20, 2004), *R and R adopted*, 2004 WL 1960192 (N.D. Tex. Sep. 2,2004); s*ee generally In re Wright*, 826 F.3d 774, 778 (4th Cir. 2016) (providing that the "majority view is that § 2241 habeas petitions from convicted state prisoners challenging the execution of a sentence are governed by § 2254" and concluding that "regardless of how they are styled, federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254' for purposes of § 2244(b), even if they challenge execution of a state sentence") (citing cases). Furthermore, a state prisoner may not use the general provisions found in 28 U.S.C. § 2241 to circumvent restrictions applicable to § 2254 actions. *See* 28 U.S.C. § 2254(a); *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000) (addressing a petitioner's attempt to circumvent the restriction on filing successive motions under 28 U.S.C. § 2255); *Williams v. O'Brien,* No. 4:06-CV-834-Y, 2007 WL 60487, at *1 (N.D. Tex. Jan. 5, 2007) (construing § 2241 petition challenging state court conviction as a petition under §2254 and rejecting Petitioner's claim that he could rely upon § 2241 because a § 2254 petition would be "inadequate or ineffective"); *Branch,* 2004 WL 1877798, at *1 ("By attempting to proceed under § 2241 it appears that petitioner merely seeks to avoid § 2254's prohibition on filing successive petitions. However, a petitioner may not utilize § 2241 merely to avoid the various provisions specifically applicable to § 2254 actions."). Thus, the instant petition is properly characterized as a petition under § 2254.

    **B.**    **Successive § 2254 Petition**

This is Petitioner's third petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same state court conviction. Pet., *Brantley v. Stephens*, No. 4:13-CV-883-A, ECF No. 1; Pet, *Brantley v. Davis*, No.4:16-CV-673-O, ECF No. 1. The Court takes judicial

notice of the pleadings and state court records filed in these prior federal habeas actions in the Fort Worth division of this the Northern District of Texas.

Title 28 U.S.C. § 2244(b) requires dismissal of a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was or could have been presented in a prior petition unless–

> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2). Further, before such a petition is filed in federal district court, the petitioner must move for authorization to file the petition in the appropriate court of appeals. *Id.* § 2244(b)(3).

From the face of this petition, it is apparent that this is a successive petition, and Brantley has not alleged or demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). Under these circumstances, a district court may either dismiss the petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or it may transfer the successive petition to the Fifth Circuit to determine whether the petitioner should be allowed to file the petition in the district court. *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2000); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). As noted, in case number 4:16-CV-673-O, this Court transferred Bantley's prior successive § 2254 petition to the court of appeals. Order of Transfer, *Brantley v. Davis*, No. 4:16-CV-673-O,

ECF No. 4. After that transfer, the court of appeals, upon review of that case as a motion to authorize a successive § 2254 petition, denied Brantley's motion for authorization. *In re Ross Thomas Brantley, III*, No. 16-11116 (5th Cir. Nov. 23, 2016). As Brantley has already been before the court of appeals with a motion for authorization to file a successive § 2254 petition challenging the same conviction he challenges in this case, the Court will dismiss this § 2254 petition without prejudice to Brantley's right to seek authorization from the court of appeals.

## III.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. FED. R. APP. P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings In The United States District Courts, Rule 11(a) (December 1, 2009). This Court may issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court concludes that Brantley has not made a showing that reasonable jurists would question this Court's rulings and **DENIES** a certificate of appealability for the reasons stated in this order.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Ross Thomas Brantley, III's petition for relief under 28 U.S.C. § 2241, construed as a petition for relief under 28 U.S.C. § 2254, is **DISMISSED** without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2254 petition.

It is further **ORDERED** that a certificate of appealability is **DENIED.**

**SO ORDERED** this **11th day** of **December, 2019**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE